RECEIPT # 54153
AMOUNT $ 5—
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-27-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SERGIO E. SILVA COSTA )
       Petitioner       )
                        )
                        )
    v.                  )   PETITION FOR HABEAS CORPUS
                        )
BRUCE CHADBOURNE        )
       Respondent       )        MAGISTRATE JUDGE Cohen

04 CV 10395 RWZ

Now comes the Petitioner:

1. Sergio E. Silva Costa, a resident of Massachusetts, who is presently in the custody of the Immigration and Custom Enforcement, at the Suffolk County Correctional, Boston, Massachusetts.

2. The Respondent, Bruce Chadbourne, is the District Director for the U.S. Immigration and Custom Enforcement agency, District of Boston.

## JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999); See Mayer v. I.N.S., 175 F.3d 1289, (11th Cir.1999.)

## SUMMARY OF THE ISSUE

4. Whether the District Director can execute removal of an alien, when that individual has a motion to reopen based upon improper notice, pending with the Immigration Court.

## HISTORY OF PROCEEDINGS

5. The Petitioner is a 28 year old married male, native and citizen of Brazil, who entered the United States on or about January 12, 2001, through Texas, without being inspected or paroled.

*Motion for a stay granted. Petitioner shall advise the court of any action by the immigration judge.*
*[signature] J. 2/27/04*

6. The Petitioner was detained by legacy INS, but was subsequently released due to medical reasons. (Petitioner is epileptic). Petitioner was issued a Notice to Appear (NTA) charging him with removability.

7. The Texas Immigration Court later issued a notice of hearing for July 9, 2001. Petitioner failed to appear and was consequently ordered removed in absentia to Brazil.

8. On December 20, 2003, Petitioner was arrested for driving under the influence in the Quincy District Court. On December 21, 2003, he was transferred into the custody of the Immigration and Custom Enforcement Agents, upon discovery of the outstanding order of removal.

9. On February 9, 2004, after retaining counsel, Petitioner, filed a motion to reopen his removal proceedings and to rescind the in absentia order of removal, with the Texas Immigration Court. On February 25, 2004, the Texas Immigration Judge denied the motion, and a timely notice of appeal has been filed with the Board of Immigration Appeals.

10. This Writ of Habeas Corpus and Motion to Stay Removal now follows. Petitioner is scheduled for removal on March 1, 2004.

## ANALYSIS

11. The Petitioner Moves this Honorable Court to grant his request for habeas relief and stay his removal, pending the outcome of his motion to reopen, filed with the Texas Immigration Court.

12. Petitioner meets the four part test set forth in Arevalo v. Ashcroft, for a judicial stay of removal. Arevalo v. Ashcroft, 344 F.3d 1,7 (1st Cir. 2003). There, this Court stated that "a petitioner must demonstrate (1) that he is likely to succeed on the merits of his underlying case; (2) that he will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not dis-serve the public interest."

13. Petitioner is likely to succeed on the merits of his appeal where he was not provided notice of his hearing as required. A removal order entered in absentia may be rescinded if a petitioner proves that his failure to appear resulted from exceptional circumstances or a lack of proper notice. (Emphasis added)   See Matter of M-S-, 22 I. & N. Dec. 349, (BIA 1998); See INA § 240 (b)(5)(C).

14. Petitioner will suffer irreparable harm where is motion will

be deemed abandoned the minute removal is executed, before the merits of his claim is adjudicated. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion. See 8 C.F.R. § 3.23 (b)(1).

15. A balancing of the hardships in this case favors the Petitioner. Petitioner has no criminal convictions and has not been a burden to society. If his stay of removal is granted, Petitioner presents no potential harm to society or the government.

16. The stay of removal would not disserve the public interest. It is the public's interest to see justice done, especially where someone's statutory and constitutional due process right are concerned. Since Petitioner possess a statutory and constitutional due process right to a hearing, and notice thereof, the stay should be granted to allow him the opportunity to have his claim adjudicated, where he was previously denied that right.

17. Based upon the above stated facts, the Petitioner prays that this Court will grant his request for habeas relief, and stay his removal, pending adjudication of his motion to reopen for ineffective notice.

Respectfully submitted,

_____ 2/27/14
STEPHEN A. LAGANA, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978/ 794-2331
BBO#: 565811

### CERTIFICATE OF SERVICE

I, Stephen A. Lagana, Counsel for Petitioner, hereby certify that on this date, I have mail a copy of the above-enclosed Petition, upon Special Assistant U.S. Attorney, Frank Crowley, at the Office of the U.S. Attorney, Department of Homeland Security, P.O. Box 8728, Boston, MA 02114, and Bruce Chadbourne, Department of Immigration and Custom Enforcement, JFK Federal Building, Room 1725, 15 New Sudbury Street, Boston, Massachusetts 02203.

_____        2/27/14
Stephen A. Lagana, Esq.           Date