UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
HARLINGEN, TEXAS

In the matter of:                    )
                                     )          DETAINED ALIEN
COSTA, Sergio E. Silva               )          File#: A78-320-732
                                     )
Respondent                           )
                                     )

MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S
MOTION TO REOPEN REMOVAL PROCEEDINGS
BASED ON LACK OF NOTICE

FACTS:

The Respondent, Sergio E. Silva Costa, is a native and citizen of Brazil, who entered the

United States on or about January 12, 2001, without inspection. The Respondent was

apprehended upon arrival and later released for medical reason; Respondent suffers from

epileptic seizures. A Notice to Appear was issued and filed with this Court, charging the

Respondent with removability. The Court mailed the notice of hearing to Respondent at, 8

Parsonage Road, #8, Malden, MA, to appear before this Court on July 9, 2001.

On July 9, 2001, Respondent failed to appear for his scheduled hearing, and an in

absentia order was issued in accordance with section 240(b)(5)(A)of the Act, and Respondent

was ordered removed to Brazil. The Respondent states that he never received a copy of the

mailed the notice of his July 9, 2001, hearing. This Motion to Rescind and Reopen follows.

1

## ISSUE PRESENTED

Whether Respondent's order of Removal issued following a hearing conducted In Absentia may be rescinded for lack of notice under Section 240(b)(5)(C) of the Immigration and Naturalization Act where Respondent can not be charged with actual receipt of the Notice of Hearing.

## ARGUMENT

The Respondent seeks to have this Court exercise its discretion and rescind his in absentia order of removal based upon a lack of notice. Specifically, the Respondent argues that he failed to attend the scheduled July 9, 2001 hearing, namely he was never informed of the date. The Respondent further states that his motion to reopen these proceedings should be granted as he is not statutorily barred from requesting a recision.

Section 240(b)(5)(A) of the INA allows an Immigration Judge to issue an order in absentia against any alien who fails to appear at a scheduled hearing so long as the INS establishes removability by "clear, unequivocal evidence." See Anin v. Reno, 188 F.3d 1273, (C.A.11,1999). However, a removal order entered in absentia may be rescinded if a petitioner proves that his failure to appear resulted from exceptional circumstances or a lack of proper notice. Id. (Emphasis added) See Matter of M-S-, 22 I. & N. Dec. 349, (BIA 1998); INA § 240 (b)(5)(C). And the Court has already determined that the lack of notice, if proven, is a mitigation factor allowing the Immigration Court to reopen In Absentia Deportation cases. Rivera v. U.S. INS., 122 F.3d 1062, (4th Cir.1997). See INA § 242B(c)(3), 8 U.S.C.A. § 1252b(c)(3) (West Supp.1997).

Furthermore, it has been held in earlier cases, that aliens possess a statutory and constitutional due process right to a hearing, and notice thereof, prior to their removal from the United States. 8 U.S.C. § 1252(b); United States v. Gasca-Kraft, 522 F.2d 149, 152 (9th

2

Cir.1975). <u>Hirsch v. INS</u>, 308 F.2d 562, 566 (9th Cir.1962); <u>Hyun v. Landon</u>, 219 F.2d 404, 406 (9th Cir.1955), aff'd, 350 U.S. 990, 76 S.Ct. 541, 100 L.Ed. 856 (1956). "Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to the constitutional protection of the due process clause." <u>Mathews v. Diaz</u>, 426 U.S. 67, 77, (1976).

Here, the Respondent argues that his case should be reopened and the in absentia order rescinded, where is failure to appear was due to a lack of notice, due to no fault of his own. The Respondent contends that the court was provided with his proper mailing address. That he awaited receipt of a hearing date, but none was never received. Consequently, the Respondent suggests to this Court that based upon the facts involved, the case laws cited, and the proffered statements in his signed affidavit, that he could not have been reasonably expected to attend the hearing, in light of fact that he had no notice it.

## CONCLUSION

Accordingly, the Respondent, through Counsel, Moves this Honorable Court to rescind the in absentia Order of Removal, reopen his case, where his failure to appear on July 9, 2001, was due to a lack notice.

Date: 2/9/04

Respectfully Submitted,
Sergio E. Silva Costa
the Respondent
By his Attorney

Stephen A. Lagana, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978 794-2331
BBO # 565811

3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
HARLINGEN, TEXAS

In the Matter of :                )
                                  )
COSTA, Sergio E. Silva            )
                                  )
Respondent                        )          File#: A78-320-732
                                  )
_____   )

## AFFIDAVIT OF SERGIO E. SILVA COSTA IN SUPPORT OF HIS MOTION TO REOPEN THESE REMOVAL PROCEEDINGS FOR LACK OF NOTICE

I Sergio Costa, do depose and say that the following statements are true:

1.    I am the named Respondent in the above-captioned matter.

2.    I am a native and citizen of Brazil.

3.    I entered the United States on or about January 12 _____, 2001, without inspection. I was detained, but released for medical reasons.

4.    I was informed that a notice of hearing would be sent to the address I provided:
      8 Parsonage Road, #8
      Malden, MA 02148

5.    However, I never received a notice of the July 9, 2001 scheduled hearing. Consequently, I failed to appear and was ordered removed in absentia to Brazil.

6.    I also never received this Court's in absentia order.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

_____
Sergio E. Silva Costa