UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERGIO E. SILVA COSTA, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>BRUCE CHADBOURNE, )<br>)<br>Respondent )<br>) | Civil Action No. 04-V-10395-RWZ |

MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

Respondent, Bruce Chadbourne, hereby submits this memorandum in support of his motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Sergio Silva Costa's Petition for Writ of Habeas Corpus and Request for Stay of Deportation.

Introduction and Summary of Argument

On February 27, 2004, Petitioner, Sergio Silva Costa ("Costa" or "Petitioner"), filed a Petition for a Writ of Habeas Corpus requesting a stay of removal from the United Statse as his sole relief. As set forth below, this Petition must be dismissed for a variety of reasons, including: (1) Petitioner failed to exhaust administrative remedies, as required, because he did not request a stay of deportation with the BIA; and (2) Petitioner has not made a colorable claim that the Immigration Judge ("IJ") made any legal error in ordering his removal, thus depriving this Court of habeas jurisdiction.

Statement of Undisputed Facts

Petitioner is a native and citizen of Brazil, who entered the United States in January 2001

1

without being inspected or paroled. Petition ¶5. Contrary to Petitioner's allegation that he was not provided notice of his immigration hearing, on January 8, 2001, Petitioner was served in hand with a Notice to Appear. See Exhibit A, attached hereto. That Notice to Appear confirms that Petitioner was informed that he was an alien present in the United States who had not been inspected or paroled and that he was therefore subject to removal. Id. Further, the Notice to Appear informed Petitioner that his immigration hearing would take place on July 9, 2001, in Harlingen, Texas. Id.

On July 9, 2001, Petitioner failed to attend his immigration hearing. In his absence, the Immigration Judge issued an order of removal to Brazil. See Exhibit B, attached hereto. Also on July 9, 2001, a Warrant of Removal issued for Petitioner. See Exhibit C, attached hereto.

On December 20, 2003, Petitioner was arrested in Massachusetts for driving under the influence. On December 21, 2003, pursuant to the outstanding Warrant of Removal, he entered the custody of the Department of Homeland Security. Petition ¶8. On February 9, 2004, Petitioner filed a motion to reopen his removal proceedings. On February 25, 2004, the Immigration Judge denied his motion to reopen stating, the "Court concludes that [Costa] received proper notice of his July 9, 2001 removal hearing pursuant to Section 239(a)(1) of the Act. On January 8, 2001, [Costa] was personally serviced with a copy of his Notice to Appear. . . ." See Exhibit D, attached hereto.

On February 27, 2004, Costa filed this habeas petition.

Argument

A.  PETITIONER'S CLAIM MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

Petitioner requests the Court to stay his removal from the United States pending its decision in this matter. However, 8 U.S.C. §1252(d)(1) provides that a "court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right. . . ." The First Circuit has held that failure to pursue and exhaust available review operates as a waiver of habeas review. Mattis v. Reno, 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). Moreover, in Sousa v. INS, 226 F.3d 28 (1st Cir. 2000), the First Circuit, in discussing the exhaustion requirement of INA section 242(d), observed that "[w]hatever our own views, we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion." Id. at 31. The Sousa court remarked that INA section 242(d), 8 U.S.C. §1252(d), merely restates the prior exhaustion statute, former INA section 106(c), and that "most circuits, including this one, have described section 106(c) as a jurisdictional bar where an issue sought to be raised in court was not raised in the agency." Id.

Petitioner has apparently failed to request a stay of deportation with the BIA, an administrative remedy available to him as of right, and instead has petitioned the Court for habeas relief. Therefore, Petitioner has waived his right to habeas review, and his request for a

3

stay of deportation should be dismissed.

B. PETITIONER'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE THE COURT'S SCOPE OF REVIEW IS LIMITED TO COLORABLE CLAIMS OF LEGAL ERROR, WHICH PETITIONER FAILS TO SHOW, THUS DEPRIVING THIS COURT OF JURISDICTION.

Even if this Court does have habeas jurisdiction in immigration matters, its review is limited to colorable claims of legal error, not reviewing issues of fact, or the discretionary decisions of the IJ. The Petition should be dismissed because Petitioner has made no colorable claim of legal error.

1. This Court Is Limited To Reviewing Colorable Claims Of Legal Error.

In INS v. St. Cyr, 533 U.S. 289, 290 (2001), the Supreme Court observed that, "in the immigration context, 'judicial review' and 'habeas corpus' have historically distinct meanings." The scope of a court's habeas review is much narrower than the judicial review normally available on direct appeal from an agency decision. Eugene v. INS, 2003 WL 40509, *2 (D.Mass. 2003). See also Mahadeo v. Reno, 226 F.3d 3, 12 (1st Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 125 (1st Cir. 1998). A court's habeas jurisdiction does not extend to review of discretionary determinations of the IJ (or the Board of Immigration Appeals). Eugene, 2003 WL 40509, *2. Instead, a court may only review petitions that are based on "colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002).

In St. Cyr, the Supreme Court, drew a sharp distinction between review of cases presenting pure law questions, and review of other, fact-bound, or discretionary cases. The Court recognized that:

> [St. Cyr's] application for a writ of habeas corpus raises a pure question of law. <u>He does not dispute any of the facts</u> that establish his deportability or the conclusion that he is deportable. Nor does he contend that he would have any right to have an unfavorable exercise of the Attorney General's <u>discretion</u> reviewed in a judicial forum. Rather, he contests the Attorney General's conclusion that, as a matter of <u>statutory interpretation</u>, he is not eligible for discretionary relief.

Id. at 298 (emphasis added).

The First Circuit confirmed in <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir. 2002), its understanding of the Supreme Court's <u>St. Cyr</u> ruling that "[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." See also <u>Reid v. INS</u>, 203 F.Supp.2d 47 (D. Mass. 2002)(same); <u>Sulaiman v. Attorney General, et al.</u>, 212 F.Supp.2d 413, 416 (E.D.Pa. 2002) ("scope of review of [deportation orders] is limited to questions of law."). In <u>Lopez v. Ashcroft</u>, 267 F.Supp. 2d 150, 153 (D. Mass. 2003), Chief Judge Young followed this reasoning in holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry," the district court does not possess habeas jurisdiction.

Several other circuit courts, including the First Circuit, have held that such habeas corpus jurisdiction in the federal courts as may exist to review removal orders does not reach factual or discretionary determinations. See <u>Saint Fort v. Ashcroft</u>, 329 F.3d 191, 203 (1st Cir. 2003); <u>Sol v. INS</u>, 274 F.3d 648, 650 (2d Cir. 2001) (affirming dismissal of a habeas corpus petition seeking to challenge a discretionary determination of the INS rather than a decision "in violation of the Constitution or laws or treaties of the United States"). The Second Circuit in <u>Sol</u> also observed that several other circuit courts had come to the same conclusion. Id. at 650, citing <u>Finlay v. INS</u>,

5

210 F.3d 556, 557 (5th Cir. 2000), Bowrin v. USINS, 194 F.3d 483, 490 (4th Cir. 1999), and Catney v. INS, 178 F.3d 190, 195 (3d Cir. 1999). See also Gutierrez-Chavez v. INS, 298 F.3d 824, 827 (9th Cir. 2002) ("[28 U.S.C.] § 2241 does not say that habeas is available to challenge purely discretionary (yet arguably unwise) decisions made by the executive branch that do not involve violations of the Constitution or federal law").

This Court therefore has subject matter jurisdiction over "colorable claims of legal error" or "pure questions of law" relating to a final order of removal in a habeas petition, assuming review is not otherwise barred. However, Petitioner fails to state any colorable claim of legal error in the decision of the Immigration Judge ordering his removal, nor could he given the that his claim is that he did not receive notice and the record unequivocally reflects that he did. Even if the Court were inclined to engage in some review of that issue, it would entail the kind of factbound determinations that fall outside the embrace of habeas jurisdiction.

## Conclusion

For the forgoing reasons, Respondent requests that the Court deny all relief sought by the Petition and dismiss the Petition.

                                              Respectfully submitted,

                                              BRUCE CHADBOURNE

                                              By his attorney,

                                              MICHAEL J. SULLIVAN
                                              UNITED STATES ATTORNEY

By:     /s/ Jeremy M. Sternberg
                                              Jeremy M. Sternberg
                                              Assistant U.S. Attorney
                                              1 Courthouse Way
                                              Suite 9200
                                              Boston, MA 02210
                                              (617) 748-3142

Certificate of Service
I hereby certify that a true copy of the above document was served upon ~~(each party appearing pro se and)~~ the attorney of record for each. Other party by mail/~~hand~~ on _____

3-11-04          /s/ Jeremy M. Sternberg
DATE             Assistant U.S. Attorney

7